UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| PAX MONDIAL LIMITED, et al., | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civ. No. 1:11cv1347 |
| | ) | |
| AFGHAN RESOURCES GROUP, et al., | ) | |
| Defendants. | ) | |
| | ) | |

MEMORANDUM OPINION

THIS MATTER comes before the Court on the Motion for Protective Order (Dkt. 84) and the Motion Limiting the Scope of its Requested Protective Order (Dkt. 94) filed by defendants Afghan Resources Group, Nadim Amin, and Resources & Solutions LLC ("defendants"). Also before the Court is plaintiff Pax Mondial Limited's Cross Motion to File Documents Under Seal (Dkt. 88). At issue is whether to seal pleadings and exhibits filed in connection with defendants' Motion to Dissolve Preliminary Injunction (Dkt. 76) and Motion for Summary Judgment (Dkt. 74).

**I. Background**

After a July 20, 2012 hearing at which the undersigned ordered the parties to propose narrowed redactions, defendants now concede that "no motions filed to date, or the exhibits thereto, should be sealed or redacted." (ARG's Mot. Objecting

to Pax's Proposed Redactions (Dkt. 99) at 2.)  Pax Mondial Limited ("Pax") now proposes redacting from the pleadings the following: (1) portions of defendants' motions and reply briefs; (2) portions of the arbitrator's Partial Final Award and Preliminary Award; (3) Exhibits C and E to defendants' Reply to Pax Mondial's Opposition to Defendant's Motion to Dissolve Preliminary Injunction; (4) any portions of the arbitration hearing transcript not specifically cited by the parties' pleadings; and (5) various transcript lines from the May 14-18 and July 3 arbitration hearings.  (Pax's Reply Supp. Cross Mot. to File Docs. Under Seal (Dkt. 98).)

## II.  Analysis

"Under common law, there is a presumption of access accorded to judicial records."  Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988) (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978)).  This presumption of access can be overcome "if countervailing interests heavily outweigh the public interests in access."  Id.  Even then, "[t]he public's right of access to judicial records and documents may be abrogated only in unusual circumstances."  Stone v. Univ. of Maryland Med. Sys. Corp., 855 F.2d 178, 182 (4th Cir. 1988).

Documents filed in connection with a summary judgment motion, however, give rise to the more rigorous First Amendment

right of access.  Rushford, 846 F.2d at 252-53.  Under the First Amendment, "denial of access must be necessitated by a compelling government interest and narrowly tailored to serve that interest."  Id. at 253.

The undersigned has reviewed Pax's submissions and considered its arguments in support of its request to seal certain materials.  Applying both the common law and First Amendment rights of access, the undersigned sees nothing that should remain under seal.  Accordingly, all documents heretofore filed under seal shall be unsealed.  An appropriate order shall issue.

ENTERED this 27th day of July, 2012.


                                                /s/
                              THERESA CARROLL BUCHANAN
                              UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia